## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JEROME MCDOUGALD,[1]

      Petitioner,

                                       Civil Action 2:20-cv-3652
      v.                             Judge Michael H. Watson
                                       Chief Magistrate Judge Elizabeth P. Deavers

MAUREEN O'CONNOR, *et al.*,

      Respondents.

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate at the Toledo Correctional Institution, has moved for leave to proceed *in forma pauperis* in connection with a filing seeking an order from this Court directing that the Ohio Supreme Court rule on a "complaint in mandamus" filed on May 26, 2019.   (ECF No. 1-1.) Plaintiff seeks leave of Court to initiate this action without prepayment of fees or costs.   (ECF Nos. 1, 4.)   For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED.**[2]

### I.

      The Prisoner Litigation Reform Act ("PLRA") limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed on the grounds that they were frivolous or malicious:

---

[1] Plaintiff's filings indicate that his first name is "Jerone."
[2] Plaintiff's original motion (ECF No. 1) filed on July 20, 2020, was deficient. In response to the Clerk's Notice of Deficiency (ECF No. 2), Plaintiff filed a second motion. (ECF No. 4.) That motion was similarly deficient and presents an additional basis for denial.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g).  *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike").

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The Sixth Circuit describes the requirements for a claim of imminent danger as follows:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted).  "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception."  *Id.* at 797–98; *see also Taylor* [*v. First Med. Mgmt.*], 508 Fed.Appx. [601] at 492 [(6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed.Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n. 1 (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists.  To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (*i.e.* are fantastic or delusional and rise to the level of irrational or wholly incredible)."  *Rittner*, 290 Fed.Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc*., 727 F.3d 580, 585 (6th Cir. 2013).

## II.

As the Court recently detailed in *McDougald v. Greene*, Case No. 1:20-cv-608 (S.D.

Ohio August 13, 2020), Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. §

1915(g) of the PLRA.[3]   *See McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J.; Bowman,

M.J.) (S.D. Ohio Feb 10, 2017) (Doc. 7, 10, 11) (dismissal for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *McDougald v.

Stone*, Case No. 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017) (Doc. 5, 17, 20, 26,

27) (dismissal for failure to state a claim upon which relief may be granted); *McDougald v.

Ahmad*, Case No. 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Doc. 27, 34,

35) (dismissal for judgment on the pleadings for failure to state a claim upon which relief may be

granted under 28 U.S.C. § 1915(e)(2)).   The previous dismissals for failure to state a claim upon

which relief may be granted prevent Plaintiff from obtaining pauper status in this action.

Accordingly, Plaintiff must pay the full filing fee in this case unless the "imminent danger"

exception applies to the facts he has presented in his Complaint.

Plaintiff has failed to allege any facts demonstrating that an immediate danger of

impending serious physical injury existed at the time he filed this action.   Accordingly, Plaintiff

does not allege any facts showing that he meets the statutory exception to the "three strikes" rule

---

[3] Judge Litkovitz detailed Plaintiff's status as a "frequent filer" in her Report and
Recommendation issued August 13, 2020 (ECF No. 3).   According to her count, Plaintiff has
filed at least twenty-two cases in the Southern District of Ohio. *Id*. at n.1. That case, filed on
August 4, 2020, appears to arise from the Ohio Supreme Court's ruling on Plaintiff's petition for
a writ of mandamus. That ruling would seem to render moot Plaintiff's proceeding here.

set forth in 28 U.S.C. § 1915(g).

## III.

Because Plaintiff has accumulated three strikes within the meaning of § 1915(g) and he is not in imminent danger of serious physical injury, the PLRA precludes Plaintiff from proceeding *in forma pauperis*. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF Nos. 1, 4) be **DENIED**; that Plaintiff be required to pay the entire $400 filing fee within **THIRTY (30) DAYS** of an Order adopting this Report and Recommendation; and that Plaintiff be notified that his failure to pay the full fee within thirty (30) days will result in the dismissal of the action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

4

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: August 28, 2020**                         */s/ Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **CHIEF UNITED STATES MAGISTRATE JUDGE**